Hall, Judge.
 

 By the act of 1820,
 
 (Bev. c.
 
 1053,) where a judgment, obtained before a Justice of the Peace, lay dormant for three years, all process issued to revive it after that time was declared to be void, and. abatcable on the plea of the Defendant, In the present case the judgmént was obtained in the year 1821, and the last execution issued upon it was in the same year. Three years after that time, by the act of 1820, all process issued to revive the judgment was void, and might be abated on the plea of the Defendant. By the lapse of three years therefore, the judgment was barred ; for the act means that, when it uses the word
 
 abated.
 
 By the act of 1825,
 
 (Bev.
 
 c. 1296,) actions of debt upon the judgment of a Justice, shall be commenced within seven years. It is evident, that the act of 1825 altered the law of 1820, and made seven years instead of three a bar to Justices’judgments, in case they lay dormant during that time. Bui is it credible, that the Legislature, by passing the act of 1825, intended to disturb rights, wbicli had been put to rest by the act of 1820 ? The fair construction of the act, is, that it was intended it should operate in cases arising after its passage, or perhaps upon cases where a three years bar had not run , but not upon cases, which the act of 1820 had already barred. Suppose in this case, a warrant bad been brought upon the first judgment, given by the Justice of the Peace, more than three years after its date, and before the passage of the act of 1825, and it bad been abated on the plea of the Defendant, under the act of 1820 ,* would not this be a bar to a warrant brought after the act of 1825? If the act of 1820 Avas a bar in such case, was it indispensable that it should he called into action, before the bar was completed ? But a plea in abatement, founded on the act of 1820, is not a plea to the merits, and is on-
 
 *376
 
 ]y authorized by that act. Now if the Legislature found fault wtth that act, and wished to alter it, the act of 1825 wouj^ permit a warrant to be brought on a Justice’s judgment, not more than seven years old, although it had been abated or barred, (which is the same thing,) under the act of 1820 $ because not only that act was repealed, but all abatements of suits under it. If this would be improper, (as I am confident it would be,) so l think it would be improper not to consider the Defendant protected by the act of 1820, and not
 
 let his protection
 
 depend on the casualty, whether he had been warranted oí1 not, and had an opportunity of pleading the last mentioned statute.
 

 Per Curiam. — Let the judgment of the Court*below be reversed.